<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD and SYLVIA TOBING,<br><br>Plaintiffs,<br><br>v.<br><br>PARKER McCAY, P.A., WILLIAMS, CALIRI MILLER & OTLEY, P.C., RUSHMORE LOAN MANAGEMENT SERVICES, LLC, FEDERAL HOME LOAN MORTGAGE CORPORATION, WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, and PRETIUM MORTGAGE ACQUISITION TRUST,<br><br>Defendants. | Case No. 3:17-cv-00474 (BRM) (DEA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is defendants Rushmore Loan Management Services, LLC ("Rushmore"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), Wilmington Savings Fund Society, FSB d/b/a Christiana Trust ("Wilmington") and Pretium Mortgage Acquisition Trust's ("Pretium") (together, "Moving Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 67.) Plaintiffs Richard and Sylvia Tobing ("Plaintiffs") oppose the motion. (ECF No. 69.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Moving Defendants' Motion for Summary Judgment is **GRANTED in part and DENIED in part**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are undisputed unless otherwise indicated. This action arises from Plaintiffs' purchase of their home in Jackson, New Jersey (the "Premises"). (*See* ECF No. 67-26 ¶ 3; ECF No. 71 ¶¶ 1–2.) To secure the purchase of the Premises, on October 30, 2007, Plaintiff Sylvia Tobing executed and delivered to Countrywide Bank, FSB ("Countrywide Bank") a note (the "Note") in the amount of $417,000.00. (ECF No. 67-26 ¶¶ 3–4; ECF No. 71 ¶ 2.) To secure the obligations under the Note, Plaintiffs executed and delivered to Countrywide Bank a mortgage (the "Mortgage") dated October 30, 2007. (*Id.*) On December 22, 2008, Countrywide Bank assigned the Note and Mortgage to Countrywide Home Loan Servicing LP ("Countrywide Home"). Thereafter, Bank of America, N.A. ("BOA") became successor by merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home. (ECF No. 67-26 ¶ 7; ECF No. 71 ¶ 3.) On May 27, 2014, BOA assigned the Note and Mortgage to Freddie Mac. (ECF No. 67-26 ¶ 7; ECF No. 71 ¶ 4.) On October 3, 2014, Freddie Mac filed a foreclosure complaint (the "Foreclosure Complaint") against Plaintiffs in the Superior Court of New Jersey, Chancery Division, Ocean County ("State Court") under Docket No. F-41681-14 seeking to foreclose Plaintiffs' interest in the Premises (the "Foreclosure Action"). (ECF No. 67-2 at 2.) On November 13, 2014, Plaintiffs filed an answer to the Foreclosure Complaint. (ECF No. 67-3.) Thereafter, Freddie Mac assigned the Mortgage back to BOA, although the parties dispute whether this took place on June 1, 2015, or August 17, 2015. Plaintiffs allege, "[t]he original mortgage assignment was dated on or about August 17, 2015, which was the effective, legal date of the assignment, but at some point it was 'backdated' in an after-the-fact attempt to make it effective as of June 1, 2015," to allegedly proceed with the following assignments. (ECF No. 1 ¶ 19.) On June 15, 2015, BOA assigned the Mortgage to Pretium when, according to Plaintiffs, "it had no right" to the

Mortgage and Note because the Mortgage and Note was not "assigned to BOA until on or about August 17, 2015 and any attempt to backdate and make the assignment effective as of June 1, 2015 was invalid and without legal effect." (*Id.* ¶ 25.) On October 8, 2015, Pretium assigned the Mortgage to Wilmington. (ECF No. 67-26 ¶ 7; ECF No. 71 ¶ 7.) On June 21, 2016, Freddie Mac filed a motion for summary judgment, a motion to strike Plaintiffs' amended answer, and a motion to substitute Wilmington for Freddie Mac. (ECF No. 67-4 at 119.) On July 14, 2016, Plaintiffs filed an opposition to Freddie Mac's motion for summary judgment. (ECF No. 67-5 at 80.) On July 22, 2016, the State Court granted summary judgment in favor of Freddie Mac, ordered the clerk of the court to enter default against Plaintiffs, and substituted Wilmington for Freddie Mac. (ECF No. 67-7 at 2–3.) Thereafter, on February 3, 2017, Freddie Mac filed a motion for entry of judgment in the Foreclosure Action and Plaintiffs opposed. (ECF No. 67-8 at 2.) On June 15, 2017, a final judgment was granted and entered in favor of Wilmington. (ECF No. 67-9 at 3.) Following a sheriff's sale of the Premises that took place on February 12, 2019, and a writ of possession issued on April 17, 2019, to Wilmington, Plaintiffs were ordered to evict the Premises. (ECF No. 67-10.)

On January 14, 2017, Plaintiffs filed a complaint (the "Complaint") in the District Court of New Jersey. (ECF No. 1.) Plaintiffs alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1, *et seq.* ("NJCFA"). (*See id.*) On May 15, 2017, Moving Defendants answered the Complaint. (ECF No. 8.) Following briefing on Defendant Parker McCay's Motion to Dismiss for Lack of Jurisdiction and Moving Defendants' Motion for Judgment on the Pleadings, the Court denied the Motion to Dismiss for Lack of Jurisdiction, dismissed Defendant Parker McCay from the action, granted Moving Defendants' Motion for Judgment on the Pleadings concerning

3

Plaintiffs' FDCPA claims against Freddie Mac, Pretium, and Wilmington, but not as to Rushmore, and denied Moving Defendants' Motion for Judgment on the Pleadings concerning Plaintiffs' NJCFA claims against Moving Defendants. (ECF No. 33.) On May 8, 2020, Moving Defendants filed the Motion for Summary Judgment based on the remaining FDCPA claims against Rushmore and the NJCFA claims against Moving Defendants. (ECF No. 67.) On June 1, 2020, Plaintiffs filed opposition. (ECF No. 69.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the

burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992). Pursuant to Federal Rule of Civil Procedure 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow

5

> time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. Pro. 56(d); *Porto Pavino, LLC. v. Legacy Cold Storage, LLC*, 447 F. Supp. 3d 182, 187 (D.N.J. 2020).

A party who submits an affidavit pursuant to Rule 56(d), must "specify[], for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Penn., Dep't of Pub Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139–40 (3d Cir. 1988)). If the nonmovant

> files an affidavit that addresses these three requirements with specificity, and especially when particular information, necessary to the successful opposition to summary judgment, is in the sole possession of the moving party, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.

*Malouf v. Turner*, 814 F. Supp. 2d 454, 459 (D.N.J. 2011) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)). However, the nonmovant cannot defeat summary judgment by offering "[v]ague or general statements of what [it] hopes to gain through a delay for discovery." *Id.* at 459–60 (quoting *Hancock Indus. v. Schaffer*, 811 F.3d 225, 230 (3d Cir. 1987)).

### III. DECISION

#### A. *Res judicata* (claim preclusion) and collateral estoppel (issue preclusion)

Moving Defendants argue they are entitled to summary judgment as to Plaintiff's FDCPA and NJCFA claims because Plaintiffs' claims are barred by *res judicata* and/or issue preclusion.[1]

---

[1] *Res judicata* is also known as claim preclusion. *Unita Peri-Okonny v. Am. Secy. Ins. Co.*, Civ. A. No. 1713763, 2020 WL 7028815, at *3 (D.N.J. Nov. 30, 2020); *Sciore v. Phung*, Civ. A. No. 11913775, 2020 WL 1243814, at *2 (D.N.J. Mar. 16, 2020). Issue preclusion is also known as collateral estoppel. *Lloyd v. Pluese, Becker, & Saltzman, LLC*, Civ. A. No. 18-9420, 2019 WL 2062438, at *4 (D.N.J. May 9, 2019); *Williams v. Litton Loan Servicing*, Civ. A. No. 165301, 2018

(ECF No. 67-26 at 19.) Specifically, Moving Defendants contend Rushmore's communications to Plaintiffs via mortgage statements demanding payment on behalf of Wilmington were not improper because the State Court previously determined each and every assignment of the Mortgage was proper and valid, thereby warranting *res judicata* and/or issue preclusion. (*See id.*) Plaintiffs oppose, contending, *inter alia*, their FDCPA and NJCFA claims are not barred by *res judicata* and/or collateral estoppel because the "issues in this action were never actually litigated in the [Foreclosure Action]." (ECF No. 69 at 17.)

*Res judicata* bars plaintiffs from bringing causes of action that were already adjudicated in an earlier action between two parties or that could have been determined in an earlier action. *Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 591 A.2d 592, 597 (N.J. 1991). "Res judicata, or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Purtner v. Heckler*, 771 F.2d 682, 689–90 (3d Cir. 1985) (footnote and citation omitted). The doctrine "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 224–25 (3d Cir. 2008)). "A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *In re Mullarkey*, 536 F.3d at 225). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d at 225 (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)).

---

WL 6600097, at *11 (D.N.J. Dec. 17, 2018), *aff'd sub nom. Williams v. Litton Loan Servs.*, 788 F. App'x 819 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 2647 (2020).

> Issue preclusion precludes a party from re-litigating an issue when:
>
>> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Twp. Of Middletown v. Simon*, 937 A.2d 949, 954 (N.J. 2008).

The Court addressed Moving Defendants' arguments in its previous opinion when it denied without prejudice Moving Defendants' Motion to Dismiss founded upon the doctrine of *res judicata* and/or issue preclusion. *See Tobing v. Parker McCay, P.A.*, Civ. A. No. 31700474, 2018 WL 2002799, at *8 (D.N.J. Apr. 30, 2018). Specifically, with respect to *res judicata*, the Court held:

> this suit was not based on the same cause of action as the Foreclosure Action, which determined whether Plaintiffs fulfilled their obligations under the Mortgage contract and default on their obligations. In this case, Plaintiffs seek damages based on alleged FDCPA and NJCFA violations. Moreover, not all Defendants to this action were involved in the Foreclosure Action. The judgment arising from that action is only applicable to Plaintiffs and Wilmington. Therefore, *res judicata* does not bar Plaintiffs' claims.

(*Id.*)

Concerning issue preclusion, the Court held, "because these claims were not identical or similar to that issues in that action the issues underlying Plaintiffs' claims against Defendants were not actually litigated in the Foreclosure Action. Therefore, collateral estoppel does not bar Plaintiffs' claims." (*Id.*) Here, Moving Defendants have submitted no additional evidence in support of its present motion for summary judgment. Indeed, the record is devoid of any opinion or reasoning of the State Court upon which a factfinder might find that the issue of the alleged FDCPA and NJCFA violations, namely whether Rushmore's attempts to collect on the debt

constituted fraudulent conduct, was fully litigated and decided on the merits in the Foreclosure Action. Critically, Moving Defendants admit the parties have "effectively waived discovery by failing to follow up on written discovery requests and by failing to notice any depositions since this case was filed in early 2017, more than 3 years ago." (ECF No. 72 at 9.) Therefore, Moving Defendants are merely attempting to reargue *res judicata* and issue preclusion – which is not permitted. *Banxcorp v. Bankrate, Inc.*, Civ. A. No. 07-3398, 2020 WL 2786925, at *2 (D.N.J. May 29, 2020); *In re 69 N. Franklin Tpk., LLC*, Civ. A. No. 16-02254, 2019 WL 3491966, at *2 (D.N.J. July 31, 2019) (finding "motion is instead an improper attempt to relitigate arguments this Court previously rejected in its prior opinion in this case"). Therefore, the motion, once again, will be denied without prejudice. *See Jackson v. Midland Funding LLC*, 468 F. App'x 123, 125 (3d Cir. 2012) (finding "different operative facts underlie the federal court action and the state court action"); *Lloyd v. Pluese, Becker, & Saltzman, LLC*, Civ. A. No. 18-9420, 2019 WL 6113859, at *4 (D.N.J. Nov. 18, 2019).

Accordingly, Moving Defendants' Motion for Summary Judgment pursuant to *res judicata* and/or issue preclusion is **DENIED**.

### B. Rule 56(d)

Plaintiffs argue summary judgment is premature at this juncture because "Plaintiff has had no opportunity at all to conduct discovery. Plaintiff has served interrogatories and document production requests, but no responses have yet been provided. Under such circumstances, it would be error to grant summary judgment." (ECF No. 69 at 5.) Plaintiffs, via certification of counsel, contend, that on December 31, 2019, Plaintiffs served interrogatories and a request for production of documents within the timeframe allocated by the Court, but, to date, Moving Defendants have not provided responses. (ECF No. 70 at 3.) According to Plaintiffs, the discovery was aimed at

"discovering . . . the circumstances surrounding the purported backdating to June 1, 2005 of the assignments executed on August 17, 2005."[2] (*Id.* at 4.) Specifically, such

> documentary discovery is aimed at obtaining evidence as to Rushmore falsely swearing to being in possession of original note so as to be able to foreclos[e], and as to its having sent monthly mortgage statements misrepresenting that a debt was due, when in fact none was due Rushmore because there was a break in the chain of assignments.

(*Id.* at 7.) Moving Defendants argue both "parties served each other with interrogatories," but neither party provided the other with responses because "there is nothing left to discover." (ECF No. 72 at 8.) Further, Moving Defendants argue summary judgment should not be delayed any further as discovery was closed in the matter on March 2, 2020. (*Id.*)

"It is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (citation omitted). "A party that opposes summary judgment on the grounds of insufficient discovery has the ability to do so through [Federal Rule of Civil Procedure] 56(d)." *Malouf v. Turner*, 814 F. Supp. 2d 454, 459 (D.N.J. 2011). In the Third Circuit, a motion for additional discovery under Rule 56(d) will ordinarily be granted if the moving party submits an affidavit including the following information: "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Pennsylvania Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)). The information sought through further discovery must include "specific facts" that will be revealed through discovery; "[v]ague or general statements of what a party hopes to gain through a delay for discovery under

---

[2] The Court notes Plaintiffs inadvertently wrote "2005" instead of "2015."

Rule 56(d) are insufficient." *Malouf*, 814 F. Supp. 2d at 460; *see also J. Josephson, Inc. v. Crum & Forster Ins. Co.*, 679 A.2d 1206, 1223 (N.J. Super. Ct. App. Div. 1996) ("When the incompleteness of discovery is raised as a defense to a motion for summary judgment, that party must establish that there is a likelihood that further discovery would supply the necessary information."). If a party opposing summary judgment files an affidavit that specifically addresses these requirements, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," especially when particular information is in the sole possession of the moving party. *Malouf*, 814 F. Supp. at 459–60 (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984); *Smith v. Dir.'s Choice, LLP*, Civ. A. No. 15-81, 2018 WL 1509081, at *4 (D.N.J. Mar. 27, 2018).

Plaintiffs argue Moving Defendants violated §§1692d, 1692e, and 1692f of the FDCPA[3] by attempting to collect a debt without a valid assignment, and thereby misrepresenting itself as a debt holder. (ECF No. 1.) Moving Defendants argue Wilmington "had standing to continue the [Foreclosure Action,] and Rushmore, as its servicer had a right to act on its behalf." (ECF No. 67-26 at 19–24.) This is clearly a factual dispute, and is contingent upon an assessment of the resolution and validity of the evidence. Genuine questions of material fact exist concerning validity of the assignments and Rushmore's legal ability to collect the debt. *Martin v. Fein Such Kahn & Shepard, P.C.*, Civ. A. No. 143837, 2017 WL 2958501, at *5–6 (D.N.J. July 11, 2017).

Indeed, the Court is satisfied Plaintiffs submitted an affidavit articulating how the discovery, if uncovered, would preclude summary judgment on the FDCPA claim. *Pastore v. Bell*

---

[3] Section 1692d of the FDCPA prohibits any conduct which serves to "harass, oppress, or abuse any person in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e of the FDCPA prohibits the use of "false, deceptive or misleading" statements in connection with the collection of any debt. 15 U.S.C. § 1692e. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

*Tel. Co. of Pennsylvania*, 24 F.3d 508, 511 (3d Cir. 1994). This discovery is targeted at discovering whether Rushmore held the original mortgage note, and thus whether it was entitled to pursue foreclosure of the Mortgage. The Court finds discovery of this issue is critical in addressing whether in fact the mortgage statements sent by Rushmore to Plaintiffs were false because no debt was owed to Rushmore. This is so because "[w]hen 'critical facts are peculiarly within the moving party's knowledge,' it is especially inappropriate to grant summary judgment when discovery is incomplete." *Velantzas v. Colgate-Palmolive Co.*, 536 A.2d 237, 239 (N.J. 1988) (citation omitted); *see Wilson v. Amerada Hess Corp.*, 773 A.2d 1121 (N.J. 2001).

The Court notes while Plaintiffs should have raised lack of discovery before the magistrate judge, and most certainly should have done so before discovery ended on March 2, 2020, Plaintiffs have nonetheless demonstrated there are outstanding disputes of material fact that require discovery. *Cauchi v. Dead Serious Promotions LLC*, Civ. A. No. 158255, 2016 WL 3691975, at *4 (D.N.J. July 11, 2016). Additional discovery is probative of Plaintiffs' FDCPA claim. *See Speth v. Goode*, Civ. A. No. 95-0264, 2012 WL 3277105, at *9 (D.N.J. Aug. 9, 2012). The Court will permit limited discovery on the issue of whether the Mortgage at issue was properly assigned to Wilmington and therefore whether Rushmore was owed the purported debt that it sought to collect from Plaintiffs through monthly invoices that were sent them and any other discovery the magistrate judge deems appropriate at this juncture. *See Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015); *Black v. AFNI, Inc.*, Civ. A. No. 151176, 2016 WL 4249491, at *3 (D.N.J. Aug. 10, 2016).

Accordingly, the Court defers consideration of the motion under Rule 56(d) for further discovery limited to the FDCPA claim only. The Court finds any additional discovery would not preclude summary judgment on Plaintiffs' NJCFA claim. Therefore, the NJCFA claim is ripe for

summary judgment, regardless of an invocation of Rule 56(d).[4] Therefore, the Court will address Plaintiffs' NJCFA claim now.

## C. NJCFA

Moving Defendants argue Plaintiffs' NJCFA claim should be dismissed for failure to provide evidence of any facts to support their claim. (ECF No. 67-26 at 21–23.) Plaintiffs argue in sending false and misleading mortgage statements, and by falsely swearing to being the holder of the original Mortgage note, Rushmore violated the NJCFA. (ECF No. 69 at 19.) The Court disagrees.

The NJCFA states, in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; . . . .

N.J. Stat. Ann. § 56:8-2.

Courts have interpreted this section to require the following three elements to state a cause of action under the NJCFA: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss."

---

[4] If the discovery requested by the nonmovant is not "essential to justify its opposition," Fed. R. Civ. P. 56(d), a court may rule on the motion for summary judgment. *See Cyberworld Enter. Techs., Inc. v. Napolitano*, 602 F.3d 189, 200 (3d Cir. 2010). "Therefore, if a moving party has presented an issue for which no additional discovery is needed, that issue is ripe for summary judgment, regardless of the bald invocation of Rule 56(d)." *Murphy v. Millennium Radio Grp. LLC*, Civ. A. No. 08-1743, 2015 WL 419884, at *3 (D.N.J. Jan. 30, 2015).

*Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1086 (N.J. 2007)).

At most, Plaintiffs suggest Rushmore's demand for the allegedly improper dues it was owed was itself a loss that is recoverable under the NJCFA. (*See* ECF No. 69 at 19.) This is wrong. "It is well established that damages for emotional distress alone are not recoverable as an ascertainable loss under the NJCFA." *See Cole v. Laughrey Funeral Home*, 869 A.2d 457, 463 (N.J. Super. Ct. App. Div. 2005). Indeed, "[i]n place of the traditional reliance element of fraud and misrepresentation," the NJCFA "require[s] that plaintiffs demonstrate that they have sustained an ascertainable loss." *Schechter v. Hyundai Motor Am.*, Civ. A. No. 18-13634, 2020 WL 1528038, at *4 (D.N.J. Mar. 31, 2020). Here, the Court finds Plaintiffs have not suffered an ascertainable loss under the NJCFA if they have not paid for anything. Further, Plaintiffs have failed to demonstrate that they will be obligated to pay anything improper in the future. *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (noting that a "plaintiff must suffer a definite, certain and measurable loss, rather than one that is merely theoretical"); *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 793 (N.J. 2005) (providing that an "ascertainable loss" is one that is "quantifiable or measurable"). Plaintiffs have presented no evidence that they have made any payment in response to being wrongfully charged by Rushmore. Because Plaintiffs' damages are merely illusory their NJCFA claim fails. *See Korrow v. Aaron's Inc.*, Civ. A. No. 31006317, 2016 WL 945299, at *2 (D.N.J. Feb. 22, 2016) (providing the NJCFA "does not permit private actions in the absence of an actual loss"); *DeHart v. U.S. Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1050 (D.N.J. 2011).

Accordingly, Moving Defendants' Motion for Summary Judgment on the NJCFA claims is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Moving Defendants' Motion for Summary Judgment is **GRANTED in part and DENIED in part**. The motion is **DENIED** without prejudice to renewal upon the completion of limited discovery with respect to Plaintiffs' FDCPA claim and any other discovery deemed appropriate by the magistrate judge, and **GRANTED** with respect to Plaintiffs' NJCFA claim. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2020